UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KEENAN KESTER COFIELD, | CASE NO. 4:07 CV 1675 |
| Petitioner, | JUDGE DAN AARON POLSTER |
| v. | MEMORANDUM OF OPINION AND ORDER |
| NORTHEAST OHIO CORR. CTR., et al., | |
| Respondents. | |

On June 19, 2007, pro se petitioner Keenan Kester Cofield filed a petition in this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the petition against respondents Northeast Ohio Correctional Center (N.E.O.C.C.), Warden Robert M. Tapia at N.E.O.C.C., the United States Attorney General, the Director of the Federal Bureau of Prisons ("BOP"), the Director of the Federal Bureau of Investigation ("FBI") and the B.O.P Designation Center. Mr. Cofield, who is incarcerated at N.E.O.C.C., claims that his right to due process is being violated because respondents refuse to correct errors in his Presentence Report (PSR) which affect his prison classification status. He seeks immediate release from confinement.

*Background*

Mr. Cofield was indicted on criminal charges in the United States District Court for the District of Maryland in 2004. See United States v. Cofield, No. 04-MJG-0099 (D. Md. 2004).

The court sentenced him to an undisclosed term of imprisonment on May 5, 2005.

In his petition before this court, Mr. Cofield raises twelve grounds upon which he asserts he is entitled to habeas relief from this court.  Specifically, he asserts: (1) the court and the BOP relied upon an inaccurate PSR; (2) the BOP's reliance on the inaccurate PSR is contrary to U.S.S.G.  §2B1.1(C); (3) the PSR failed to reflect that he was entitled to a "credit" because he had returned funds to the victim/bank; (4) the court was precluded from using his 1991 Tennessee conviction because it occurred while he was 'in custody' serving an allegedly illegal 1982 conviction in Alabama; (5) shortly after his federal sentence was imposed the state court of Maryland imposed a 4 years sentence to run concurrent with his federal sentence even though he was not present or appointed counsel; (6) the probation officer failed to advise him that multiple terms of imprisonment are treated as aggregate terms of imprisonment; (7) he was entitled to credit for the period of time he was under house arrest; (8) he was entitled to credit from the date he was arrested on January 29, 2005 while on house arrest; (9) he is entitled to apply accumulated credits to his federal sentence, <u>nunc pro tunc</u>, from February 24, 2004 pursuant to 18 U.S.C. § 3621; (10) the trial court twice stated that it imposed a 10 month sentence which was illegal; (11) the court never imposed a term of supervised release, and (12) the court advised that his sentence should be served in home confinement.

Under the heading, "Administrative Remedies Exhausted," Mr. Cofield makes the general statement that he "previously filed several times with the BOP Central Office in Washington, DC, then Mid-Atlantic Regional Office, to the Northeast Regional Offices and National BOP Designation Unit in Texas, along with other Units of the BOP and U.S. Probation Offices, the allegations and claims alleged herein.  Relief **denied** . . ."  (Pet. at 6)(emphasis in original).

Because he does not provide the dates or copies of any responses he may have received, the court is unaware of the basis upon which the BOP denied his request for relief.

*Successive Petition*

A careful review of the petition before this court reveals that this petition is a duplicate of a petition Mr. Cofield filed in this court on April 20, 2007. See Cofield v. N.E.O.C.C. et al., No. 4:07cv1172, (N.D. Ohio 2007). This court dismissed that petition on the merits in a Memorandum of Opinion dated July 2, 2007. Mr. Cofield now raises the same grounds for relief against the same parties based on the same relevant facts.

Although res judicata does not apply to habeas petitions, Schlup v. Delo, 513 U.S. 298, 317-19 (1995) ( "[t]his Court has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata."); see also Potts v. Zant, 638 F.2d 727, 738 (5th Cir.1981), claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a). Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir.1990). Under § 2244(a),

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. §2244(a). In both petitions, Mr. Cofield raises identical claims. Therefore, it would be redundant for this court to reexamine those same issues on the merits. Instead, it is proper to dismiss those claims in his present petition as successive under 28 U.S.C. § 2244(a). See Glumb, 891 F.2d 872; see also Felker v. Turpin, 518 U.S. 651, 664 (1996) (holding that the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") allowed for modified principles of res judicata to the analysis of habeas petitions).

*Conclusion*

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. §§2243 and 2244. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 7/10/07*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE